

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John E. Taylor
Chief Supervisor
Oil & Gas Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2277
Re: The liability of the producer of
a gas well and the purchaser of
gas from such well where the gas
is utilized in gas lift operations
in which the gas-oil ratio exceeds
10,000 cubic feet of gas per barrel
of oil.

We have your letter of April 20, 1940, in which you
ask our opinion with reference to the following situation:

In several oil fields in the lower Gulf Coast area
gas lift is used in producing oil because of the depth of the
wells and the volume of water which has to be produced with
the oil. In some instances gas in excess of 10,000 cubic feet
per barrel of oil is being utilized in gas lift operations
without the permission of the Railroad Commission. You refer
in your letter to Subsection 4 of Section 7, Article 6008,
Vernon's Annotated Civil Statutes, which reads as follows:

"SECTION 7. Limiting Escape of Gas Encountered in
Well and Purpose of Utilization of Gas.—After the expira-
tion of ten (10) days from the time of encountering gas
in a gas well, no gas from such well shall be permitted
to escape into the air, and all gas produced therefrom
shall be utilized for the following purposes:

"(4) Any producer of either sweet or sour gas or
casinghead gas may use the same as gas lift in the bona
fide production of oil where such gas is not used in
excess of ten thousand (10,000) cubic feet per barrel of
oil produced; provided that in order to prevent waste in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John E. Taylor, Page 2

"any case where the facts in such case warrant it, the
Commission may permit the use of additional quantities
of gas to lift oil, provided all such gas so used in
excess of ten thousand (10,000) cubic feet for each
barrel of oil shall be processed for natural gasoline
and the residue burned for carbon black when same is
reproduced."

You state in your letter that the producers of the
gas take the position that they sell the gas, not knowing that
such gas is to be used for gas lift in excess of 10,000 cubic
feet per barrel of oil. The producers claim that since they
sell the gas in good faith and lose control over its use after
such sale, they are not liable if the gas is later used in
violation of the statute. The users of the gas contend that
the prohibition of the statute is against the producer and
not the purchaser or the one utilizing the gas, and therefore
claim that they are not liable for any of the penalties for
violation of the statute.

In view of the facts as outlined above, you ask the
following questions:

"Under the provisions of subsection (4) of Section 7,
Article 6008, and other relevant portions of the conserva-
tion statutes, may the commission proceed against and
hold responsible the operator or producer of a gas well
if the gas produced from such well, after delivery to a
bona fide purchaser, is utilized in gas lift operations
in which the ratio of gas used per barrel of oil lifted
exceeds 10,000 cubic feet per barrel; or are these pro-
visions of the statute enforcible against the purchaser
and utilizer of the gas; or are they enforcible against
both the producer and the person using such gas in this
manner?"

In our opinion the purchaser of the gas who uses it
in an unlawful manner is responsible for such unlawful use,
and the producer of the gas is also responsible for such
unlawful use, if such producer participates or aids or abets
in the violation of the law.

Section 23 of Article 6008 provides as follows:

"Any person violating any of the provisions of this Article shall be liable to a penalty not to exceed One Thousand Dollars ($1,000) for each offense, and each day's violation shall be a separate offense. Such penalty may be recovered by the State of Texas with the cost of suit in a civil action instituted in Travis County or in the County where the violation occurred by the Attorney General or by the County or District Attorney when joined by the Attorney General of Texas; and any and all violations or threatened violations of this Article may be enjoined by any Court of competent jurisdiction in which the suit for penalty may be brought, and in such cases the Court may issue such writs of injunction, mandatory or prohibitory, as the facts justify."

Article 6036 of Vernon's Annotated Civil Statutes provides in part as follows:

"In addition to being subject to any forfeiture that may be provided for by law and to any penalty that may be imposed by the Commission for contempt for the violation of its rules, regulations, or orders, any person violating any of the provisions of this Act or of Title 102, Revised Civil Statutes of Texas, 1925, as amended, or violating any rule, regulation, or order of the Commission promulgated thereunder, shall be subject to a penalty of not more than One Thousand Dollars ($1000) for each and every day of such violation, and for each and every act of such violation."
. . . . .
"Any person aiding or abetting any other person in the violation of this Act, or of Title 102, Revised Civil Statutes of Texas, 1925, as amended, or of any rule, regulation, or order of the Commission promulgated thereunder, shall be subject to the same penalties as are prescribed herein for violation thereof by any such other person."

Under the terms of Subsection 4, Section 7, Article 6008, a producer of sweet or sour gas or casinghead gas is permitted to use such gas for gas lift in the bona fide production of oil where such gas is not used in excess of 10,000 cubic feet per barrel of oil produced. If the statute is construed literally, only a person producing gas would be permitted to use the gas for gas lift purposes. However, it is not necessary to construe the word "producer" in order to answer your question, because it is plain that no person is authorized to use gas for gas lift purposes unless he comes within the terms of this statute.

Honorable John S. Taylor, Page 4

Assuming, for the purposes of this opinion, that a purchaser of gas might come within the meaning of the word "producer" as used in this subsection of the statute, still such person would not be permitted to use the gas for gas lift purposes unless the statute is complied with as to the amount of gas which may be used.

In other words, the person purchasing the gas and using it for gas lift purposes would be liable in any event if he used an excessive amount of gas for gas lift operations, either on the ground that he was not a producer and therefore was not permitted under the statutes to use gas for gas lift purposes at all, or on the ground that, although permitted to use gas for gas lift purposes under the statute, he used and excessive amount. The statute is not intended merely as a prohibition against certain uses by "producers", but is a permission to use gas for a specific purpose under specific conditions, and unless a person comes within the class granted the permission and performs the conditions of the statute, he would be violating the provisions of Section 7, prohibiting the use of gas except for the purposes specified therein.

In your letter, you assume that the producer of the gas sells it in the bona fide belief that the purchaser will use only a legal amount of the gas for gas lift purposes and that the producer does not participate in the use of an excessive amount of gas in the gas lift operations. This being true, we do not believe that the producer would be liable for penalties on account of the use of an excessive amount of gas by the purchaser. We believe that it would be necessary, in order to impose penalties on the producer, to show that he aided or abetted the actual user of the gas in some manner.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _James P. Hart_

James P. Hart
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

JFH:AMN

APPROVED MAY 18, 1940

ATTORNEY GENERAL OF TEXAS